COLUMBUS BAR ASSOCIATION *v*. CHAMBERS.

[Cite as *Columbus Bar Assn v. Chambers*, ___ Ohio St.3d ___,

**2021-Ohio-2729.]**

(No. 2020-1515—Submitted July 9, 2021—Decided August 10, 2021.)

ON ORDER TO SHOW CAUSE.

———————————

{¶ 1} On February 16, 2021, the court suspended respondent, Richard Francis Chambers II, from the practice of law for a period of one year, with the entire suspension stayed on the conditions that he (1) provide proof to relator, within 60 days of the suspension order, that he made restitution to the Brookes in the amount of $1,810; (2) complete six hours of continuing legal education ("CLE") in law office and IOLTA management and six hours of CLE on the subject of professional ethics, those hours being in addition to respondent's biennial CLE requirements; (3) complete a one-year term of monitored probation with monitoring to focus on respondent's law office management, client communications, and IOLTA requirements; and (4) refrain from further misconduct. The court further ordered that if respondent failed to comply with conditions of the stay, the stay would be lifted and he would serve the entire one-year suspension.

{¶ 2} On June 23, 2021, relator, Columbus Bar Association, filed a motion for show cause order. On July 9, 2021, this court issued an order to show cause why respondent should not be found in contempt, the stay of his suspension revoked, and respondent be suspended for failure to fully comply with this court's order of February 16, 2021. Respondent did not file a response to the show cause order.

{¶ 3} Upon consideration thereof, it is ordered and adjudged by this court that respondent, Richard Francis Chambers II, Attorney Registration No. 0081139, last known business address in Columbus, Ohio, is found in contempt for failure to comply with the court's February 16, 2021 order. It is further ordered that the previously imposed stay of the suspension is revoked and that respondent shall serve the entire one-year suspension imposed on February 16, 2021.

{¶ 4} It is further ordered that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

{¶ 5} It is further ordered that respondent is hereby forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

{¶ 6} It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

{¶ 7} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 8} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of

this order the Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of such award.

{¶ 9} It is further ordered that, pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

{¶ 10} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; and (4) this court orders respondent reinstated.

{¶ 11} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 12} 1. Notify all clients being represented in pending matters and any cocounsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of cocounsel, also notify the clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 13} 2. Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or cocounsel, if any, of a suitable time and place

where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 14} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in respondent's possession or control;

{¶ 15} 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 16} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 17} 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where the respondent may receive communications; and

{¶ 18} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 19} It is further ordered that respondent shall keep the clerk, the Columbus Bar Association, and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 20} It is further ordered that on or before 30 days of the date of this order respondent shall surrender the attorney-registration card for the 2019/2021 biennium.

{¶ 21} It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

**{¶ 22}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(D)(1) and that publication be made as provided for in Gov.Bar R. V(17)(D)(2).

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____